JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Luckey, et al., | No. CV-21-01168-PHX-GMS (ESW) |
| Plaintiffs, | |
| vs. | **ORDER** |
| Allister Adel, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' Motion for Class Certification (Doc. 5) and multiple motions filed by Defendant, including a Motion to Dismiss Plaintiffs' Complaint. (Docs. 22, 23, 25, 26),

**I.  Procedural Background**

In July 2021, Plaintiffs Samuel Luckey, Michael Calhoun, Arizona Attorneys for Criminal Justice, and Aaron Dromiack, who are represented by counsel, initiated this civil rights action under 42 U.S.C. § 1983 against Maricopa County Attorney Allister Adel. (Doc. 1.)  In conjunction with their Complaint, Plaintiffs filed a Motion to Certify Class. (Doc. 5.)  On July 8, 2021, Plaintiffs filed a Notice of Errata to file exhibits that were inadvertently not attached to the Complaint. (Doc. 6.)

On August 18, 2021, Defendant filed a Motion to Strike the Exhibits filed with Plaintiff's Notice of Errata (Doc. 23) and a Motion for Judicial Notice (Doc. 22), requesting that the Court take judicial notice of public records attached to their Motion to Dismiss. Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

(b)(6) was filed on August 20, 2021. (Doc. 25.) A few days later, Defendant filed a Motion to Supplement Exhibits in Support of the Motion to Dismiss. (Doc. 26.)

On September 8, 2021, Plaintiffs filed their First Amended Complaint and a new Motion to Certify Class. (Docs. 30–31.)

On September 22 and 23, 2021, Defendants filed a Motion to Dismiss the First Amended Complaint and Motion for Judicial Notice. (Docs. 33, 40.)

**II.   Discussion**

Plaintiffs' First Amended Complaint (Doc. 30) was filed within 21 days of the filing of Defendant's Motion to Dismiss (Doc. 25); thus, it was filed within the time to amend as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Upon its filing, the First Amended Complaint became the operative complaint, and the original Complaint is treated as nonexistent. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (after amendment, the original pleading is treated as nonexistent); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (amended complaint supersedes prior complaints).

Because the original Complaint is nonexistent, Defendant's first Motion to Dismiss (Doc. 25) is moot, as are Defendant's attendant Motions (Docs. 22, 23, 26). *See Marty v. Wells Fargo Bank*, No. CIV S-10-0555 GEB DAD PS, 2011 WL 1103405, at *1 (E.D. Cal. Mar. 22, 2011) (amendment moots a motion to dismiss). Plaintiffs' filing of a new Motion to Certify Class (Doc. 31) renders moot their first Motion to Certify Class (Doc. 5). Accordingly, the Court will deny these Motions as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiffs' first Motion to Certify Class (Doc. 5) and Defendant's Motion for Judicial Notice (Doc. 22), Motion to Strike Exhibits (Doc. 23), Motion to Dismiss (Doc. 25), and Motion to Supplement Exhibits (Doc. 26); these Motions are **denied as moot**.

Dated this 18th day of October, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge