1  ALLISTER ADEL
2  MARICOPA COUNTY ATTORNEY

3  BY:  ANN THOMPSON UGLIETTA (013696)
        CHARLES TRULLINGER (018936)
4       JOSEPH I. VIGIL (018677)
        Deputy County Attorneys
5       uglietta@mcao.maricopa.gov
        trullinc@mcao.maricopa.gov
6       vigilj@mcao.maricopa.gov

7  CIVIL SERVICES DIVISION
   225 West Madison Street
8  Phoenix, Arizona 85003
   Telephone (602) 506-8541
9  Facsimile (602) 506-4317
   ca-civilmailbox@mcao.maricopa.gov
10 MCAO Firm No. 00032000

11 Attorneys for Maricopa County Attorney
   Allister Adel

12          **IN THE UNITED STATES DISTRICT COURT**

13            **FOR THE DISTRICT OF ARIZONA**

14

15 Samuel Luckey and Aaron Dromiack, on     No. CV21-01168-PHX-GMS (ESW)
   behalf of themselves and those similarly
16 situated, and,
                                            **DEFENDANT MARICOPA COUNTY**
17 Arizona Attorneys for Criminal Justice,  **ATTORNEY ALLISTER ADEL'S**
                                            **NOTICE OF SUPPLEMENTAL STATE**
18                Plaintiffs,               **CRIMINAL COURT RECORDS RE:**
                                            **PLAINTIFFS SAMUEL LUCKEY AND**
19          v.                              **AARON DROMIACK AND HER**
                                            **REQUEST FOR JUDICIAL NOTICE**
20 Allister Adel, in her official capacity as **AND CONSIDERATION OF SAME FOR**
   County Attorney for Maricopa County,     **PURPOSES OF DEFENDANT'S**
21                                          **MOTION TO DISMISS FIRST**
                 Defendants.                **AMENDED COMPLAINT AND**
22                                          **DEFENDANT'S OPPOSITION TO**
                                            **PLAINTIFF'S MOTION FOR CLASS**
23                                          **CERTIFICATION**

24                                          **[DOCS. 37, 40, 53]**

25

26        Defendant Maricopa County Attorney Allister Adel respectfully provides Notice of

27 Supplemental State Criminal Court Records ("Supplemental Records") in the state criminal

28 court cases involving Plaintiff Samuel Luckey and Plaintiff Aaaron Dromiack.   The

                                            1

Supplemental Records are submitted for this Court's consideration and judicial notice for purposes of Defendant's Motion to Dismiss First Amended Complaint (Doc. 40) and Defendant's Opposition to Plaintiffs' Motion for Class Certification (Doc. 37). The Supplemental Records are attached as Exhibit 1 (Plaintiff Luckey's Supplemental Records) and Exhibit 2 (Plaintiff Dromiack's Supplemental Records) hereto.

The Supplemental Records were placed on the relevant state criminal court public dockets after the parties completed their briefing on the Motion to Dismiss and Motion for Class Certification (collectively, the "Motions"). (Docs. 31, 37, 40, 42, 49, 53) Adel submits these Supplemental Records in good faith and in accordance with the responsibility of the parties and their counsel to inform and update the Court about the status of Plaintiffs' state criminal court cases and Plaintiffs' preliminary hearing waivers and plea offers in those cases, which are at issue in the First Amended Complaint ("FAC") and the Motions.

- Plaintiff Luckey's Supplemental Records include the state criminal court's entry of its Sentencing Order on November 15, 2021 per Luckey's plea agreement, as well as the court's Notice of Rights After Conviction and Procedure showing Luckey's signed receipt on November 15, 2021, specifically identifying the available post-conviction review procedures under Ariz. R. Crim. P. 33. (Ex. 1, MCAO-0323 - 0331)

- Plaintiff Dromiack's Supplemental Records include the state criminal court's Order dated November 15, 2021 granting Dromiack's additional Motion to Continue without objection from the prosecution, resulting in a continuance to December 18, 2021; Dromiack's signed Waiver of Preliminary Hearing with Plea Agreement dated December 16, 2021, including Dromiack's acknowledgment of his understanding and consent to the terms of the Plea Agreement, his receipt of advice from his defense counsel regarding the case, the plea and his constitutional rights, and his statement that his plea "is voluntary and not the result of force, threat, or promises other than those

contained in the plea agreement," and his defense counsel's statement that "I have discussed this case with my client in detail and advised my client of his constitutional rights and all possible defenses.  I believe that the defendant's plea is knowing, intelligent and voluntary and the plea and disposition are consistent with the law;" and the court's Order dated December 16, 2021 regarding the court's plea colloquy with Dromiack in the presence of his defense counsel, including the court's advisement of "all pertinent constitutional rights and rights of review," Dromiack's entry of a guilty plea, and setting the court's acceptance of the plea and Dromiack's sentencing for January 31, 2022.  (Ex. 2, MCAO-0332 - 0343)

Defendant requests that this Court take judicial notice and consider these Supplemental Records for purposes of Defendant's Motion to Dismiss First Amended Complaint (Doc. 40) and Defendant's Opposition to Plaintiffs' Motion for Class Certification (Doc. 37).  They are public records of Plaintiffs' state criminal court proceedings incorporated by reference into the FAC.  They directly relate to and form the bases of Plaintiffs' claims and allegations regarding MCAO's plea policies and Plaintiffs' waivers of preliminary hearing/plea offers, as well as Plaintiffs' requests and allegations pertaining to putative class certification.  Accordingly, this Court properly may take judicial notice and consider these Supplemental Records.  *See Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also* Doc. 33, 44.

Adel notes that these developments in Plaintiffs' state criminal court proceedings do not impact the analysis of Adel's argument in favor of the *Younger* abstention doctrine. (*See* Doc. 40, 10 - 12; Doc. 37, 4).  Plaintiffs' opportunity to raise federal constitutional challenges on judicial review via available state court post-conviction proceedings satisfies the requirements of *Younger*.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 - 610 (1975).  In *Huffman*, the United States Supreme Court rejected the plaintiff/appellant's argument

that the end of the state court's trial stage negated application of *Younger* abstention, holding that "a necessary concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in *Younger*." *Id*. at 608. "[W]e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts. We therefore hold that Younger standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Id*. at 609. For purposes of *Younger* abstention, "failure to exhaust" means that at the time the federal action is filed, a state court appellate remedy is still available. *See World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) ("Failure to exhaust state appellate remedies satisfies the requirement that there be "ongoing judicial proceedings" in order to justify federal abstention").

Additionally, because the state criminal court now has entered its order of conviction and sentencing in Luckey's case (*see* Ex. 1, MCAO-0323 – 0328), per the terms of Luckey's plea agreement which was accepted by the court per Ariz. R. Crim. P. 17 (*see* Doc. 40-1, 83 – 94), the *Rooker-Feldman* doctrine bars Luckey's request for declaratory relief and injunctive relief which would require this Court's review of the validity of Luckey's plea and his conviction and sentencing based upon that plea, in a manner which improperly would usurp the state court's role in conducting such review according to available post-conviction review procedures under Ariz. R. Crim. P. 33.1(a). (Doc. 30, ¶ 165) *See Rooker v. Fidelity Trust Co.*, 262 U.S. 413 (1923); *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Finally, because Dromiack now has accepted the Waiver of Preliminary Hearing with Plea Agreement in his criminal case in Early Disposition Court ("EDC") (*see* Ex. 2, MCAO-0335 – 0340), and he now has entered a guilty plea per the Plea Agreement (*see*

Ex. 2, MCAO-0341 – 0343), he does not have standing to assert putative injunctive relief claims as a putative class representative on behalf of a putative "Pre-Waiver Class" ("all current and future people whom the MCAO has charged and assigned to the EDCS . . . who have not yet made the decision to affirm or waive their preliminary hearing, or reject their initial plea offer.").  (Doc. 30, ¶ 123)

**RESPECTFULLY SUBMITTED** this 18th day of January 2022.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By /s/ *Ann Thompson Uglietta*
ANN THOMPSON UGLIETTA
CHARLES TRULLINGER
JOSEPH I. VIGIL
Deputy County Attorneys
*Attorneys for Maricopa County Attorney*
*Allister Adel*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 622
401 West Washington Street
Phoenix, Arizona 85003

Honorable Eileen S. Willett
Magistrate Judge
United States District Court
Sandra Day O'Connor U. S. Courthouse, Suite 325
401 West Washington Street
Phoenix, Arizona 85003

Somil Trivedi (pro hac vice application forthcoming)
American Civil Liberties Union Foundation
Criminal Law Reform Project
915 15th St., NW
Washington, DC 20005
strivedi@aclu.org

Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
jkeenan@acluaz.org
vlopez@acluaz.org
*Attorneys for Plaintiffs*

/s/ S. R.