Somil Trivedi (*pro hac vice*)
American Civil Liberties Union Foundation
Criminal Law Reform Project
915 15th Street, NW
Washington, DC 20005
Telephone: (202) 715-0802
strivedi@aclu.org

Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Luckey and Aaron Dromiack, on behalf of themselves and those similarly situated,<br><br>and<br><br>Arizona Attorneys for Criminal Justice,<br><br>   Plaintiffs,<br><br>v.<br><br>Allister Adel, in her official capacity as County Attorney for Maricopa County,<br><br>   Defendant. | Case No. CV21-01168-PHX-GMS (ESW)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL STATE CRIMINAL COURT RECORDS RE: PLAINTIFFS SAMUEL LUCKEY AND AARON DROMIACK AND HER REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF SAME**<br><br>**AND**<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO FILE RESPONSE TO UNAUTHORIZED SUR-REPLY** |

Plaintiffs respond herein to Defendant's Notice of Supplemental State Criminal Court Records re: Plaintiffs Samuel Luckey and Aaron Dromiack and Her Request for Judicial Notice and Consideration of Same for Purposes of Defendant's Motion to Dismiss First Amended Complaint and Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Notice") (Doc. 54). Defendant's "Notice" goes beyond a mere notice of certain records to the Court by embedding sur-reply arguments explicitly tied to the parties' completed Motion to Dismiss (Docs. 40, 49, 53) and Motion for Class Certification (Docs. 31, 37, 42) briefing. As such, in addition to addressing issues of judicial notice below, Plaintiffs request leave to file the attached Response to Defendant's Unauthorized Sur-Reply (Ex. 1).

***Defendant's Request for Judicial Notice***

Defendant submits certain records for "consideration and judicial notice," purportedly as a "good faith" status update to the Court. Doc. 54-1. While the documents at issue relate to Plaintiffs' individual criminal cases, Plaintiffs do not concede Defendant's characterization that these documents "form the bases" for Plaintiffs' claims and allegations against Allister Adel. To the extent the Court is inclined to take judicial notice of these materials, whether in full or in part, Plaintiffs note, as they did in a prior briefing on this issue, that doing so beyond the existence of the documents themselves must occur on an individual fact basis. *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018). Any documents incorporated by reference should not be assumed as true to the extent they only serve to dispute facts stated in the First Amended Complaint. *See id.* at 1003; *Lowthorp v. Mesa Air Grp. Inc.*, CV-20-00648-PHX-MTL, 2021 WL 3089118, at *4 (D. Ariz. July 22, 2021); *see also* Doc. 43 at 4-5.

***Request for Leave to File Response to Unauthorized Sur-Reply***

Plaintiffs respectfully seek leave to file a Response to Defendant's Unauthorized Sur-Reply to Defendant's Motion to Dismiss First Amended Complaint and Plaintiffs' Motion for Class Certification (Doc. 54). Despite its styling, Defendant's "Notice" effectively functions as a de facto sur-reply to previously completed briefing in this

1  matter. Plaintiffs' request thus should be granted in light of the unauthorized new
2  argument and authority presented by Defendant in her "Notice."

3  Absent prior leave of court, sur-filings like Defendant's are not generally permitted
4  under the Local Rules or Federal Rules of Civil Procedure. *See* LRCiv. 7.2(b)-(d)
5  (authorizing the filing of a motion, a response to the motion, and a reply in support of the
6  motion); *see also, e.g.*, *Kraft v. Chevron Corp.*, No. CV-21-00575-PHX-DJH, 2021 WL
7  5882626, at *1 n.1 (D. Ariz. Dec. 10, 2021) (citing *Millenium 3 Technologies v. ARINC,*
8  *Inc.*, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008)); *Silvas v. GMAC Mortg., LLC*,
9  No. CV-09-265-PHX-GMS, 2009 WL 4573234, at *3 (D. Ariz. Dec. 1, 2009), *as*
10 *amended* (Jan. 5, 2010); *Padilla v. Bechtel Const. Co.*, No. CV 06 286 PHX LOA, 2007
11 WL 625927, at *1 (D. Ariz. Feb. 27, 2007). Despite this, Plaintiffs take no position here
12 on the providence of Plaintiffs' unauthorized sur-reply. Leave for Plaintiffs to specifically
13 respond to Defendant's filing, however, is appropriate under the circumstances.

14 In weighing this type of request, a court will consider: "[(1)] whether the movant's
15 [filing] in fact raises arguments or issues for the first time, [(2)] whether the nonmovant's
16 proposed [response] would be helpful to the resolution of the pending motion, and
17 [(3)] whether the movant would be unduly prejudiced were leave to be granted." *Sebert v.*
18 *Arizona Dep't of Corr.*, No. CV1600354PHXROSESW, 2016 WL 3456909, at *1
19 (D. Ariz. June 17, 2016) (citing *Doe v. Exxon Mobil Corporation*, 69 F. Supp. 3d 75, 85
20 (D.D.C. 2014)). All three factors support Plaintiffs' request.

21 First, Defendant in her Notice raises for the first time issues and argument
22 concerning the standing of Plaintiffs' Pre-Waiver class representative. Doc. 54 at 4-5.
23 Second, Plaintiffs' proposed response will assist in resolving this newly raised issue by
24 directing the Court to the relevant standards and precedent for consideration. Third,
25 Defendant will not be unduly prejudiced, as Ms. Adel herself has already briefed the
26 Court on this issue via her "Notice" (albeit absent authorization). With Plaintiffs' brief,
27 proportional response, the issue will be properly before the Court for resolution.

28 For the foregoing reasons, Plaintiffs respectfully request leave to file a Response to

- 2 -

Defendant's Unauthorized Sur-Reply to Defendant's Motion to Dismiss First Amended Complaint and Plaintiffs' Motion for Class Certification.

DATED: February 1, 2022                    Respectfully submitted,

/s/ Jared G. Keenan
Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union
Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org

Somil Trivedi (*pro hac vice*)
American Civil Liberties Union
Foundation
Criminal Law Reform Project
915 15th Street, NW
Washington, DC 20005
Telephone: (202) 715-0802
strivedi@aclu.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jared G. Keenan, hereby certify that on February 1, 2022 I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Jared G. Keenan*
Jared G. Keenan

# EXHIBIT 1

Somil Trivedi (*pro hac vice*)
American Civil Liberties Union Foundation
Criminal Law Reform Project
915 15th Street, NW
Washington, DC 20005
Telephone: (202) 715-0802
strivedi@aclu.org

Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Luckey and Aaron Dromiack, on behalf of themselves and those similarly situated, <br><br> and <br><br> Arizona Attorneys for Criminal Justice, <br><br> Plaintiffs, <br><br> v. <br><br> Allister Adel, in her official capacity as County Attorney for Maricopa County, <br><br> Defendant. | Case No. CV21-01168-PHX-GMS (ESW) <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S UNAUTHORIZED SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Plaintiffs respectfully file this Response to Defendant's Unauthorized Sur-Reply to Defendant's Motion to Dismiss First Amended Complaint and Plaintiffs' Motion for Class Certification. This response is provided in connection with arguments Defendant raised for the first time in her Notice of Supplemental State Criminal Court Records Re: Plaintiffs Samuel Luckey and Aaron Dromiack and Her Request for Judicial Notice and Consideration of Same for Purposes of Defendant's Motion to Dismiss First Amended Complaint and Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Notice") (Doc. 54).

As stated in Plaintiffs' Request for Leave to File Response to Unauthorized Sur-Reply, this response is appropriate as (i) Defendant newly raised issues, including regarding the specific standing of Plaintiffs' Pre-Waiver class representative, Aaron Dromiack, in her "Notice," (ii) Ms. Adel will not be prejudiced, having already filed her own predicate sur-reply with the Court, and (iii) Plaintiffs' filing will assist resolution of the issues by clarifying the relevant standards and authority for consideration by the Court. *See Sebert v. Arizona Dep't of Corr.*, No. CV1600354PHXROSESW, 2016 WL 3456909, at *1 (D. Ariz. 2016) (citing *Doe v. Exxon Mobil Corporation*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)).

As explained below, under the necessary application of the "relation back" doctrine, whether Mr. Dromiack's individual claims have been mooted before the Court can reach class certification will not defeat standing or class certification in this matter. Defendant's additional unauthorized sur-reply arguments likewise remain unavailing.

***Mr. Dromiack's Status Does Not Affect His Standing as a Putative Class Representative***

Defendant's unauthorized sur-reply incorrectly argues that, because Mr. Dromiack has now been convicted, "he does not have standing to assert putative injunctive relief claims as a putative class representative on behalf of a putative 'Pre-Waiver Class.'" Doc. 54 at 4-5. Defendant cites no authority for this position, nor could she. Where a putative class representative is challenging an ongoing government policy, but the representative's individual claims are mooted before the court can reach class certification, this does not

defeat standing or class certification. *See Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Garo v. Glob. Credit & Collection Corp.*, No. CV-09-2506-PHX-GMS, 2010 WL 5108605, at *5 (D. Ariz. Dec. 9, 2010). This outcome reflects the well-recognized "relation back" doctrine, which "avoids the spectre of plaintiffs filing lawsuit after lawsuit, only to see their claims mooted before they can be resolved." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (explaining that the relation-back doctrine applies where, as here, "the district court has not yet addressed the class certification issue").

The Supreme Court addressed almost exactly this situation in *County of Riverside v. McLaughlin*. There, like here, plaintiffs filed a class action Section 1983 case challenging a county's pretrial probable cause procedures—namely, that criminal defendants did not receive prompt probable cause hearings. 500 U.S. 44. Again like here, plaintiffs eventually received those hearings, which the county argued precluded the named plaintiffs from serving as class representatives going forward. *Id.* The Supreme Court rejected this argument, asserting that "in factually similar cases we have held that 'the termination of a class representative's claim does not moot the claims of the unnamed members of the class.'" *Id.* at 51-52 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110, n.11 (1975), and citing other Supreme Court cases). Furthermore, it did not matter that, like here, plaintiffs' class certification motion was still pending when their claims allegedly became moot:

> That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction. We recognized in *Gerstein* that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires. In such cases, the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution."

*Id.* at 52 (alteration in original) (citations omitted).

Mr. Dromiack is in a virtually identical position as the plaintiffs in *County of Riverside*, as well as the District of Arizona and Ninth Circuit cases cited above. He is

1  challenging an ongoing, unconstitutional policy regarding pretrial criminal procedures that
2  have imposed harm on him, including at the time Plaintiffs' Motion for Class Certification
3  was filed.  And, as above, Mr. Dromiack's circumstances (and those of others similarly
4  situated to him) necessarily are inherently transitory.  Accordingly, his claims fall
5  squarely within the "relation back" doctrine and, even though class certification has not
6  yet been granted, the merits of the case on behalf of the Pre-Waiver Class are preserved
7  for judicial resolution.

### *Defendant's Other Unauthorized Sur-Reply Arguments*

9  Defendant also inserts arguments on other issues already briefed before this Court.
10 For the Court's convenience, Plaintiffs simply note that in again raising the *Younger*
11 Abstention Doctrine, Defendant erroneously suggests that *Huffman v. Pursue, Ltd.*, 420
12 U.S. 592 (1975), and *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d
13 1079 (9th Cir. 1987), indicate that the mere ability to appeal is sufficient.  Both cases,
14 however, merely observe that an avenue to appeal state court proceedings meant they
15 were "ongoing" for purposes of *Younger* analysis.  As previously briefed, the mere
16 opportunity to appeal is otherwise not sufficient here, where Plaintiffs are not afforded a
17 timely opportunity at the trial level to challenge the unconstitutional plea policy.  Doc. 49
18 at 7-9.[1]  Similarly, Defendant merely restates her previous argument and authority
19 regarding the *Rooker-Feldman* Doctrine.  Both remain unavailing as the doctrine has not
20 changed since the parties completed briefing of the Motion for Class Certification.
21 Doc. 42.  As was the case then, the doctrine still does not prevent an independent claim
22 that was not the subject of a previous judgment by the state court—particularly when, as
23 here, the claim challenges statutes, policies, or rules in lower courts.  *Id*. at 10-11.

---

[1] *Huffman* and *World Famous* also are inapposite as, unlike in this action, the underlying state proceedings themselves were direct challenges to the constitutionality of the statute or ordinance at issue.

- 3 -

DATED: January 31, 2022

Respectfully submitted,

*/s/ Jared G. Keenan*
Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union
Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org

Somil Trivedi (*pro hac vice*)
American Civil Liberties Union
Foundation
Criminal Law Reform Project
915 15th Street, NW
Washington, DC 20005
Telephone: (202) 715-0802
strivedi@aclu.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jared G. Keenan, hereby certify that on January 31, 2022 I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Jared G. Keenan*
Jared G. Keenan